# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANECIA M. PEREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LA MODE, INC.,<br><br>　　　　　Defendant. | Case No. 1:06-CV-0017<br><br>**MEMORANDUM OPINION AND ORDER OF DISMISSAL** |

This matter came before the Court on Defendant's Motion to Dismiss. (ECF No. 14.) Plaintiff, appearing *pro se,* filed an Opposition and Comment. ("Opp.," ECF No. 16.) Defendant did not file a reply. The matter came on for a hearing on June 7, 2012. Based on a review of the record and the applicable law, the Court granted the motion for the reasons stated at the hearing and below.

## I.   BACKGROUND

The following facts are not in dispute, and some are contained in a Manifestation previously filed by Plaintiff. ("Manif.," ECF No. 13.)

In November 2004, Anecia M. Perez ("Perez") filed a charge of Title VII employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). On October 28, 2005, the EEOC issued a determination of reasonable cause to believe that La Mode, Inc. ("La Mode"), a company that operated a garment factory on Saipan, had discriminated against Perez on

1

the basis of age and national origin.  Conciliation efforts failed, and the EEOC elected not to bring suit against La Mode.  On April 26, 2006, the EEOC issued a notice of right to sue, whereupon Perez had 90 days within which to file suit against La Mode.  On June 27, 2006, Perez timely filed a complaint in this Court.  (ECF No. 2.)  On the same day, Erlinda G. Paguta, another employee who had filed a charge against La Mode, also filed a complaint.  (*See Erlinda G. Paguta v. La Mode, Inc.,* 1-06-CV-00018.)  In the district court actions, both Perez and Paguta proceeded *pro se,* without representation by an attorney.

In the meantime, La Mode had closed its Saipan operations and, in July 2005, filed for Chapter 7 bankruptcy protection in California.  (See *In Re La Mode,* No. 2:05-bk-26740-VK (Bankr. C.D. Cal.).)  Perez served her complaint on La Mode's registered agent on Saipan on July 28, 2006.  The agent then forwarded it to the United States Trustee, who oversees the administration of bankruptcy cases.  On August 15, 2006, the Trustee filed in this Court a notice of automatic stay ("Notice," ECF No. 4) and served it on Perez.

In the Notice, the Trustee emphasized the protections that the stay gives a debtor. The Trustee observed that the stay "prevents creditors from taking certain actions" against the debtor, and warned that if a creditor takes "unauthorized actions . . . , the Court may penalize the creditor." (*Id.*)  The Trustee suggested that the creditor "should review § 362 of the bankruptcy code and may wish to seek legal advice."  (*Id.*)  The Trustee did not tell creditors that § 362 also exempted certain actions from the automatic stay; nor did the Trustee notify them of their rights as creditors to file claims in the bankruptcy case or to petition the bankruptcy court for relief from the stay.

After receiving the Notice, Perez ceased to prosecute her claims against La Mode.  La Mode never answered the complaint.  Perez did not voluntarily dismiss the complaint, nor did La Mode move to dismiss for failure to prosecute.  Neither party moved to stay the proceedings.  The Court did not issue a stay order.  However, the Court treated the Trustee's Notice as if it

effectively stayed the case.  In March 2010, the Clerk wrote a letter to a Commonwealth agency confirming that Perez had an active lawsuit that was stayed for the pendency of La Mode's bankruptcy case.  (*See* ECF No. 5.)  One month after that letter went out, the bankruptcy case closed.  (*See* Order Closing Case, *In Re La Mode, Inc.,* 2:05-bk-26740-VK (Bankr. C.D. Cal., Apr. 30, 2010), ECF No. 116.)

After the Trustee filed the Notice, nearly five years passed without any activity on this case.  On April 7, 2011, the Court issued an order to show cause why the stay should not be lifted.  (ECF No. 6.)  A month later, the Court lifted "the stay issued on August 15, 2006," and directed that the case "may now be prosecuted as required" by the federal and local rules of procedure.  (ECF No. 8.)  The order lifting the stay was served on Perez via U.S. Mail.  Even so, the case again languished without prosecution for almost a year.

After Erlinda Paguta came to the Clerk's office in early 2012 to inquire about the status of her case, the Court *sua sponte* set that matter for a status conference on April 9, 2012.  Her friend Anecia Perez, the plaintiff in this action, also showed up at the April 9 hearing, and the Court called both cases.  Perez and Paguta appeared *pro se.*  La Mode was represented by counsel.  The Court directed La Mode to respond to the complaint.

On April 20, La Mode filed the instant motion to dismiss.  La Mode asserts that because the complaint and service of process were in violation of the automatic stay in the bankruptcy case, they were void *ab initio.*  Perez states that she was not aware of the bankruptcy until the stay notice issued in August 2006, and asserts, therefore, that she should not be faulted for any violation of the stay.  (*See* Opp.)  She also maintains that the district court case is a "continuation of the case originally filed with the EEOC" prior to La Mode's petitioning for bankruptcy and "should not be construed as a separate filing."  (*See* Manif.)

3

## II. DISCUSSION

The filing of a Chapter 7 bankruptcy petition automatically stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor . . ." 11 U.S.C. § 362(a)(1). As a person with a claim against debtor La Mode that arose before the bankruptcy, Perez was a creditor. *See* 11 U.S.C. § 101(10)(A). In the Ninth Circuit, actions taken in violation of the automatic stay are void, even if the creditor lacked notice of the bankruptcy petition. *See Sewell v. MGF Funding, Inc. (In re Sewell),* 345 B.R. 174, 179 (B.A.P. 9th Cir. 2006) (citing *In re Schwartz,* 954 F.2d 569 (9th Cir. 1992)). Because Perez commenced her lawsuit against La Mode while the bankruptcy case was pending, the filing violated the stay and was void. The effect of Section 362's application is as if the complaint had never been filed. Furthermore, in Title VII cases, once the EEOC issues a right-to-sue notice, the aggrieved person may bring a civil action within 90 days. 42 U.S.C. § 2000(e)-5(f)(1); 29 U.S.C. 626(e). If he or she does not timely file suit, the action will be time-barred. *See Payan v. Aramark Mgmt. Servs. L.P.,* 495 F.3d 1119, 1121 (9th Cir. 2007). Because the 90 days has lapsed, any attempt to file an employment discrimination action against La Mode now would be untimely. Perez's complaint must, therefore, be dismissed with prejudice.

Even if the June 27, 2006, filing of this civil action were not void but instead counted as a timely filing, dismissal with prejudice could not be averted by the doctrine of equitable tolling. When a timely Title VII complaint is dismissed, "the timely filing of the complaint does not 'toll' or suspend the ninety-day limitations period." *O'Donnell v. Vencor Inc.,* 466 F.3d 1104, 1110 (9th Cir. 2006).

Perez's argument that this lawsuit is a continuation of the EEOC case is without merit. The EEOC case was an administrative process, while the lawsuit in district court is judicial. This distinction is clearly made in the EEOC's right-to-sue letter. The letter that Perez received, and

4

which she attached to her Manifestation as an exhibit, states that it "concludes the EEOC's processing" of Perez's charge, and serves as "notice of dismissal and of your right to sue . . ." (Manif. at 8.)

It is regrettable that Perez did not seek or obtain sound legal advice on how best to proceed once she had notice of the bankruptcy stay. The EEOC, apparently, was aware that La Mode had filed for bankruptcy, because the right-to-sue letter was copied to the Chapter 7 Trustee. (Manif. at 8.) Without competent counsel to advise her, Perez waited patiently for the Court to tell her when she would have her day, when in fact her day had passed long ago.

### III.   CONCLUSION

Because the commencement of this action violated the automatic bankruptcy stay, the complaint must be dismissed. Because more than 90 days have passed since the EEOC issued the right-to-sue letter, any new attempted filing in this matter would be untimely. For those reasons, the Motion to Dismiss is GRANTED, and the complaint is dismissed with prejudice.

SO ORDERED this 19th day of June, 2012.

_____
RAMONA V. MANGLONA
Chief Judge